# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
) **JUDGE RICHARD L. SPEER**
Gerald/Patricia Tillman )
) Case No. 05-32666
Debtor(s) )
)

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Debtors' Objection to the Trustee's Amended Motion for Turnover. At the conclusion of the Hearing, the Court ordered the Debtors to submit additional information and the Debtors have since filed a Supplemental Memorandum Opposing the Trustee's Amended Motion for Turnover. (Doc. No. 35). After reviewing the Supplemental Memorandum, as well as the entire record of the case, the Court finds, for the reasons set forth herein, that the Trustee's Amended Motion for Turnover should be Denied.

## FACTS

The facts giving rise to this dispute are as follows. The Debtor, Gerald Tillman, is Vice President of AlphaCare Services, Inc. ("AlphaCare"), an Ohio corporation. At the time of his bankruptcy filing, the Debtor held one-third of the outstanding shares of stock in AlphaCare. (Doc. No. 26, Aff.). The record indicates that as of and before March 2005, AlphaCare had a negative cash flow.

On March 25, 2005, the Debtor and his wife filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. On May 10, 2006, the Trustee, Patricia Kovacs, requested an order directing the Debtors to surrender "all funds on deposit in all bank accounts on the date of filing." (Doc. No. 20). Shortly thereafter, the Trustee filed an amended motion for turnover seeking the surrender of all funds held on deposit on the date of filing in the bank account of AlphaCare that

In re Gerald and Patricia Tillman
Case No. 05-32666

the Debtor has a "right to receive as a shareholder." (Doc. No. 26). On the date of filing, the funds on deposit in this account totaled $5,244.90. (Doc. No. 26, Aff.). In response to the Trustee's Motion for Turnover, the Debtor submitted the affidavit of John Moon, Secretary/Treasurer of AlphaCare, averring that the funds held in the AlphaCare account held only "corporate money." *Id.*

## DISCUSSION

The instant matter is before the Court on the Trustee's Amended Motion for Turnover and the Debtors' objection thereto. On her Motion, the Trustee seeks the surrender of "funds on deposit on the date of filing in the bank account of AlphaCare Services, Inc. that the Debtor has a right to receive as a shareholder." (Doc. No. 26). Determinations concerning orders to turn over property of the estate are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(E); thus, this matter is a core proceeding over which the Court has been conferred with the jurisdictional authority to enter final orders.

The Trustee's Motion for Turnover is made in accordance with 11 U.S.C. § 542(a). This section provides that any property of a debtor which the trustee can use or sell (or which the debtor can exempt), and which is in the possession, custody, or control of the debtor or a third party, must be turned over to the trustee unless such property is of an inconsequential value or benefit to the bankruptcy estate.[1] Although not specifically stated in the statute, fundamental to the concept of

---

[1]
Section 542(a), in pertinent part, provides:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Page 2

**In re Gerald and Patricia Tillman**
Case No. 05-32666

"turnover" under § 542(a) is that the asset to be turned over to the trustee must be property of the debtor's bankruptcy estate. *In re Greer*, 242 B.R. 389, 393 (Bankr. N.D.Ohio 1999).

Foundationally, this limitation on the breadth of turnover to just property of the estate rests upon the interplay between these two statutory sections: First, § 363(b)(1) sets forth that the trustee can only use or sell property of the bankruptcy estate. Second, pursuant to § 323(a), the scope of a trustee's authority is limited to that of being a representative of the bankruptcy estate.

Under § 541(a), a bankruptcy estate comes into existence with the commencement of the case. Section 541(a) then goes on to define property of the estate as encompassing "all legal or equitable interests of the debtor in property." As is evident, this definition afforded to property of estate is very broad and hence will include practically every conceivable interest that a debtor may have in property. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203-04, 103 S.Ct. 2309, 2312-13, 76 L.Ed.2d 515 (1983). Under this broad scope, the breadth of estate property "will easily reach to include funds maintained by a debtor on deposit in a bank account." *In re Todd*, — B.R. —, 2007 WL 274183 (Bankr. N.D.Ohio 2007).

Yet, the broad scope afforded to property of the estate is not boundless. By its express terms, property of the estate under § 541(a) will only reach to encompass the "*interests of the debtor* in property." (emphasis added). The result of this language: In the absence of other authority to the contrary, a bankruptcy trustee will not acquire a greater interest in property than what was held by the debtor upon the commencement of a bankruptcy case. *In re Cummings*, 266 B.R. 138, 142 (Bankr. N.D. Ohio 2001). Stated differently, an interest in property that is limited in the hands of the debtor is equally limited in the hands of the estate, and thus, by extension, the trustee. *Kapila v. Atlantic Mortgage & Investment Corp.*, 184 F.3d 1335, 1337 (11th Cir.1999). *See also Redmond v. Lentz & Clark (In re Wagers)*, 340 B.R. 391, 401 (Bankr. D.Kan. 2006) ("In the absence of explicit

Page 3

In re Gerald and Patricia Tillman
Case No. 05-32666

federal preemption, Chapter 7 trustee ordinarily receives estate property subject to any restrictions that nonbankruptcy law imposed on debtor's rights.").

It is on this principle – that property limited in the hands of a debtor is also limited in the hands of the trustee – upon which the Debtors base their objection to the Trustee's Motion for Turnover. In their own words, the Debtors stated:

> [He] had no 'right to receive as a shareholder any portion of the Fifth Third account. The ownership of common stock does not create a proprietary interest in the corporation's assets. The corporate property is owned by the corporation and not by the shareholders.

(Doc. No. 35, at pg. 2). The Debtors' defense to the Trustee's Motion for Turnover thus may be fairly framed in these terms: Since he, as a shareholder of AlphaCare, has no right to the corporation's assets, the Trustee, inuring only to the Debtor's rights as a shareholder, also has no right to the corporate funds.

Fundamentally, the Debtors' position is correct. It is well-settled that a shareholder has no right, by virtue of their status as a shareholder alone, to corporate property. "Central to corporation law is the concept that a corporation is an entity separate and distinct from its shareholders." *In re Cassis*, 220 B.R. 979 (Bankr. N.D. Iowa 1998). When a shareholder seeks bankruptcy relief, therefore, a trustee generally has no right to take possession of funds held on account by the corporation. *Fowler v. Shadel*, 400 F.3d 1016, 1018 (7th Cir. 2005). This is simply axiomatic. By way of illustration, no trustee could reasonably assert that by virtue of a debtor owning 100 shares of stock in a fortune 500 company, that they then have a right to take possession of the funds held in the bank accounts of that fortune 500 company.

On the other hand, the shares of stock held by a debtor in a corporation will pass to the trustee. *In re Billingsley*, 338 B.R. 372, 376 (Bankr. C.D.Ill. 2006). In most instance, this will mean

Page 4

**In re Gerald and Patricia Tillman**
**Case No. 05-32666**

that, subject to limitations imposed by applicable corporate law, the trustee will have the right to exercise the same powers held by the debtor in their capacity as a shareholder of the corporation. For example, in a typical scenario, the trustee, in performing her statutory duty to liquidate the estate, 11 U.S.C. § 704(a), will use her rights in the debtor's shares of stock to dispose of it. Thus, as in the above example, the trustee will seek to sell the debtor's 100 shares of stock in the fortune 500 company.

To a large degree, the Trustee does take issue with the foregoing. In fact, in her Amended Motion for Turnover, she states only that she seeks the "funds on deposit on the date of filing in the bank account of AlphaCare Services, Inc. that the *Debtor has a right to receive as a shareholder.*" (Doc. No. 26) (emphasis added). But as to why the Debtors, and thus by extension herself, as the Trustee, have any direct right to the funds held on account by AlphaCare, no explanation or basis was offered. The Trustee, instead, simply relied on her bare assertions that the funds held on account by AlphaCare are assets of the Debtors' bankruptcy estate. (Doc. No. 26). Alone, however, the Court can only view this lack of explanation as fatal to the Trustee's position.

The Trustee carries the burden on a Motion for Turnover. *See, e.g., In re McDonald*, 353 B.R. 287, 290 (Bankr. D.Kan. 2006). And in the absence of a viable explanation supported by competent evidence, the Court is unwilling to disregard basic corporate structure, *discussed supra*, which distinguishes between corporate property with that of the interests of the shareholders in the corporation. Moreover, Ohio law, applicable by virtue of AlphaCare being an Ohio corporation,[2] holds that the corporate form is to be recognized, and can only be disregarded when doing so would subvert the intent and policy of the corporate legal fiction – for example, using the corporate form

---

[2] In the absence of a countervailing federal interest, the existence and nature of a debtor's interest in property is determined by nonbankruptcy law, usually state law. *In re Greer*, 242 B.R. 389, 394 (Bankr. N.D.Ohio 1999).

Page 5

In re Gerald and Patricia Tillman
Case No. 05-32666

to perpetrate acts of fraud. *Dirksing v. Blue Chip Architectural Products, Inc.*, 100 Ohio App.3d 213, 226, 653 N.E.2d 718 (1994). In this matter, however, the Trustee did not make any allegations, such as those which would involve piercing the corporate veil, that the corporate entity, AlphaCare, should not be recognized under Ohio law.

Consequently, for all these reasons, the Court is not persuaded that the Trustee has any right to the funds held on account by AlphaCare. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Amended Motion of the Trustee, Patricia Kovacs, for Turnover, be, and is hereby, DENIED.

Dated: May 4, 2007

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 6

# CERTIFICATE OF SERVICE

Copies were mailed this 4th day of May, 2007 to:

Elizabeth Alphin
801 W Jefferson St
Louisville, KY 40202


Gregory Stout
801 W. Jefferson
Louisville, KY 40202


Patricia A Kovacs
The Gardner Building
500 Madison Avenue
#525
Toledo, OH 43604


Gerald L Tillman, Jr
3206 Scarsborough Dr
Toledo, OH 43615


Patricia A Tillman
3206 Scarsborough Dr
Toledo, OH 43615


Thomas R Furey
2255 W Laskey Rd
Toledo, OH 43613-3596


                                                 /s/Dawn Serna-Gensch
                                           Deputy Clerk, U.S. Bankruptcy Court